UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NIKOL D. DUFFY,
*o/b/o R.P.T.C., a minor child*,

        Plaintiff,

        v.                                    **DECISION AND ORDER**
                                                    16-CV-985S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

        1.        Plaintiff Nikol D. Duffy, on behalf of her child, R.P.T.C., challenges the determination of an Administrative Law Judge ("ALJ") that R.P.T.C. is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that R.P.T.C. has been disabled since October 17, 2012, due to headaches, attention deficit hyperactivity disorder ("ADHD"), oppositional defiant disorder ("ODD"), conduct disorder, central auditory processing delay ("CAPD"), and reading disorder. Plaintiff contends that these impairments entitle R.P.T.C. to disability benefits under the Act.

        2.        Plaintiff filed an application for disability benefits and supplemental security income on October 17, 2012, which the Commissioner denied on January 29, 2013. On February 12, 2013, Plaintiff requested a hearing before an ALJ. On December 10, 2014, ALJ David S. Lewandowski held a hearing at which both Plaintiff and R.P.T.C. (then 10 years old) appeared with counsel and testified. At the hearing, R.P.T.C.'s alleged onset date was amended from August 1, 2006, to October 17, 2012, the application date. The ALJ considered the case *de novo* and, on February 26, 2015, issued a written decision denying Plaintiff's application for benefits for R.P.T.C. The Appeals Council denied

1

Plaintiff's request for review on October 12, 2016. Plaintiff filed the current action on December 8, 2016, challenging the Commissioner's final decision.[1]

3. On August 7, 2017, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 14). On October 2, 2017, the Commissioner filed a Motion for Judgment on the Pleadings. (Docket No. 16). Plaintiff filed a reply on October 27, 2017 (Docket No. 17), at which time this Court took the matter under advisement without oral argument. For the following reasons, Plaintiff's motion is denied, and Defendant's motion is granted.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the

---

[1] The ALJ's February 26, 2015 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity and Reconciliation Act of 1996 ("the 1996 Act"), which amended the statutory standard applicable to minors seeking Supplemental Security Income ("SSI") benefits. See 42 U.S.C. § 1382c. In relevant part, the 1996 Act provides that an "individual under the age of 18 shall be considered disabled… if [he] has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c (a)(3)(C)(i).

7. Regulations promulgated by the Social Security Administration ("SSA") define "marked and severe functional limitations" in terms of "listing-level severity," an impairment that meets, medically equals, or functionally equals the severity of an impairment in the listings. 20 C.F.R. § 416.926a(a). Under the regulations, functional

limitations are evaluated in six broad areas or domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. See 20 C.F.R. § 416.926a(b).

8. The Commissioner has established a three-step sequential evaluation process to determine whether a minor is disabled as defined under the Act. See 20 C.F.R. § 416.924. Specifically, the minor must demonstrate that (1) he is not engaged in substantial gainful activity; (2) he has a "severe" impairment or combination of impairments; and (3) his impairment or combination of impairments is of a listing-level severity, in that it meets, medically equals, or functionally equals the severity of a listed impairment. See 20 C.F.R. § 416.924. A minor's medically-determinable impairment or combination of impairments "functionally equals" a listed impairment if it results in "marked" limitations in two of the six domains of functioning or an "extreme" limitation in a single domain. See 20 C.F.R. § 416.926a. A limitation is "marked" if it seriously interferes with a claimant's ability to independently initiate, sustain, or complete activities. See 20 C.F.R. § 416.926a(e)(2). A "marked" limitation is more than moderate, but less than extreme. See id.

9. In this case, the ALJ made the following findings with regard to the three-step process set forth above: (1) R.P.T.C. has not engaged in substantial gainful activity since October 17, 2012, the date of the application (R. at 30);[2] (2) R.P.T.C.'s headaches, ADHD, ODD, conduct disorder, CAPD, and reading disorder are severe impairments within the meaning of the Act (R. at 30); and (3) R.P.T.C. did not have an impairment or

---

[2] Citations to the underlying administrative record are designated as "R."

4

combination of impairments that met or medically equaled the severity of one of the listed impairments (R. at 30-31). In addition, the ALJ evaluated R.P.T.C.'s impairments to determine if they were "functionally equivalent" to a listed impairment and concluded that they were not. (R. at 31-42). Accordingly, the ALJ determined that R.P.T.C. was not under a disability as defined by the Act during the relevant period—October 17, 2012, through February 26, 2015. (R. at 42).

10. Plaintiff contends that the ALJ erred by failing to (1) indicate how the auditory processing evaluation conducted on December 8, 2014, was incorporated into his decision; and (2) base his assessment of a "less than marked" impairment in the domain of interacting and relating with others on substantial evidence. Each argument is discussed in turn.

11. Plaintiff first contends that the ALJ failed to explain how the auditory processing evaluation conducted by audiologist Danielle Hartman factored into his decision. Hartman diagnosed R.P.T.C. with auditory processing disorder and found that R.P.T.C. had "severe problems" with decoding and organization, as well as a "moderate" problem with tolerance fading memory. (R. at 583-585). Plaintiff maintains that Hartman was an acceptable medical source whom the ALJ was required to consider and explain what weight, if any, he afforded her opinion. As Defendant correctly points out, however, audiologists were not acceptable medical sources at the time of Plaintiff's application.

12. The then-existing regulation outlining medically-acceptable sources specifically identified audiologists as "other sources." See 20 C.F.R. § 416.913 (d)(1) ("Other sources [include] nurse-practitioners, physicians' assistants, naturopaths, chiropractors, *audiologists*, and therapists") (emphasis added). The term "other sources"

refers to providers who are not acceptable medical sources as defined in 20 C.F.R. § 416.913 (d)(1)(a); rather, "other sources" provide evidence that may be used to show the severity of an individual's impairments and how an individual's ability to function is affected.[3] Although the ALJ must consider "other source" evidence under 20 C.F.R. 416.927 (c), the Second Circuit has long held that an ALJ is not required to "explicitly […] reconcile every conflicting shred of medical testimony." Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981). More recently, the Second Circuit has clarified that "[a]n ALJ does not have to state on record every reason justifying a decision" and an "ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." Brault v. Social Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotations omitted).

13. Here, the ALJ was not required to specifically recount his consideration of Hartman's opinions. Nonetheless, the ALJ stated that he considered the entire record (R. at 30) and his findings at Step 2 are consistent with Hartman's findings, which supports the conclusion that the ALJ considered the entire record including Hartman's opinions. See Gruka v. Colvin, No. 14-CV-795S, 2015 WL 9478242, at *7 (W.D.N.Y. Dec. 29, 2015). Consequently, the ALJ's failure to specifically discuss Hartman does not constitute reversible error.

14. Plaintiff next argues that the ALJ's assessment of a "less than marked" impairment in the domain of interacting and relating with others is not supported by substantial evidence. Plaintiff claims that the only examining opinions in the record suggest that R.P.T.C. has marked limitations in this domain. Plaintiff specifically points

---

[3] SSR 06-3p was rescinded in March 2017, but was in effect in February 2015 when the ALJ issued his decision in this case.

6

to a medical source statement by Dr. Renee Baskin, wherein she noted that "Plaintiff would have marked limitations being able to adequately maintain appropriate social behavior[.]" Plaintiff maintains that the ALJ entirely overlooked this evidence and instead based his decision on his own assertions and assumptions. In response, Defendant argues that substantial evidence supports the ALJ's finding.

15. The domain of interacting and relating with others addresses how well a claimant is able to initiate and sustain emotional connections with others, develop and use the language of one's community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. See 20 C.F.R. § 416.926a (i). In assessing school-aged children, as R.P.T.C. is here, the regulations state that:

> When you enter school, you should be able to develop more lasting friendships with children who are your age. You should begin to understand how to work in groups to create projects and solve problems. You should have an increased ability to understand another's point of view and to tolerate differences. You should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand.

20 C.F.R. § 416.926a (i)(2)(iv); see also SSR 09-5p. In considering how well a child is functioning in a given domain, adjudicators will compare a child's functioning to an average child, not a perfect one. See 20 C.F.R. § 416.926a (f).

16. Plaintiff argues that the ALJ's finding that R.P.T.C. has a "less than marked" limitation in the domain of interacting and relating with others is not supported by substantial evidence. This Court disagrees. Contrary to Plaintiff's contention, the ALJ acted within his discretion in resolving conflicting evidence in the record and relying on

7

competent medical and educational opinion evidence to find that R.P.T.C. has a less than marked limitation. (R. at 39).

17. The ALJ accorded "significant weight" to the opinion of Dr. Meyer, a state agency medical consultant. (R. at 35, 244). Dr. Meyer concluded that R.P.T.C. had a "less than marked" limitation in interacting and relating with others. (R. at 29, 110). Dr. Meyer also noted that although R.P.T.C. had difficulty with aggressive behavior at home, it improved with medication and counseling. (R. at 110). This opinion directly supports the ALJ's finding and constitutes substantial evidence supporting the denial of benefits. See Camille v. Colvin, 652 F. App'x 25, 28 (2d Cir. 2016); Schisler v. Sullivan, 3 F.3d 563, 568 (2d Cir. 1993); 20 C.F.R. § 416.927 (e)(2)(i) ("State agency medical and psychological consultants […] are highly qualified medical specialists who are also experts in Social Security disability evaluations.").

18. The ALJ also accorded "significant weight" to Ms. Wright's teacher assessment. She found "no problem" to "a slight problem" in the various areas of functioning relating to interacting and relating with others. (R. at 35.) The teacher also found little difficulty with aggressive behavior. (R. at 110). This assessment supports the ALJ's finding, since teachers are "valuable sources of evidence for assessing impairment severity" under SSR 06-03p.[4] Smith v. Astrue, No. 10-cv-00053, 2011 WL 1113779, at *4 (N.D.N.Y. Jan. 20, 2011).

19. When boiled to their essence, Plaintiff's arguments amount to a preference that the ALJ view the evidence in the same light at Plaintiff. For example, Plaintiff would discount Dr. Meyer's opinion due to its age in favor of Dr. Baskin's opinion, even though

---

[4] SSR 06-03p is now rescinded, but was in effect at the time the ALJ issues his decision in this case.

8

the two opinions were rendered close in time. Plaintiff would also focus on evidence pertaining to R.P.T.C.'s behavior outside of school, even though the domain includes assessments of in-school functioning. In short, Plaintiff simply disagrees with the ALJ's assessment of the evidence in the record, but such a disagreement does not amount to the absence of substantial evidence. By weighing the opinions of Dr. Meyer and Ms. Wright more heavily than Dr. Baskin's—and contrary to Plaintiff's argument, the ALJ considered Dr. Baskin's opinion (see R. at 30)—the ALJ validly exercised his discretion to resolve conflicts in the evidence. See Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve."). Consequently, the ALJ's decision is supported by substantial evidence and remand is not required.

20. Having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds no error in the ALJ's determination. The decision contains an adequate discussion of the medical evidence supporting the ALJ's determination that R.P.T.C. is not disabled, and Plaintiff's aforementioned arguments are unavailing. Plaintiff's Motion for Judgment on the Pleadings is therefore denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:    August 27, 2018
              Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge